IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2017 NOV -9 AM 9:57
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| JAMES LOGAN,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | EP-17-CV-332-DB |
| | § | |
| J. SCOTT WILLIS, Warden,<br>Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Logan, federal prisoner number 05951-090, asks the Court to intervene in his behalf with the Bureau of Prison through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1).[1] Specifically, Logan asks the Court to order Respondent J. Scott Willis to consider him for placement in the Residential Drug Abuse Treatment Program and a residential reentry center to ensure his eligibility for early release from prison under the Second Chance Act.[2]

The Court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto."[3] Having considered the petition and the applicable legal authorities, the Court concludes that it appears from the face of the petition that Logan is not entitled to relief.

---

[1] Logan is currently incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas. Anthony is located in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet. 18, ECF No. 1.

[3] 28 U.S.C. § 2243 (2012).

-1-

## BACKGROUND

The United States District Court for the Western District of Wisconsin accepted Logan's guilty plea to unlawfully transporting firearms and sentenced him to 180 months' imprisonment. The Court also apparently recommended his participation in the Bureau of Prisons' Residential Drug Abuse Treatment Program.[4]

The Residential Drug Abuse Program is an intensive nine-month, 500-hour substance abuse rehabilitation program offered to federal prisoners who qualify and voluntarily elect to enroll. Upon successful completion of the program, prisoners are eligible for up to a twelve-month reduction in their sentences. Due to high demand and insufficient space, prisoners are placed on waiting lists and accepted into the program when an opening becomes available.

In his petition, Logan asks the Court to order Willis to consider him for immediate placement in a Residential Drug Abuse Treatment Program and a residential reentry center to ensure his eligibility for the earliest possible release from prison under the Second Chance Act.[5]

## APPLICABLE LAW

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.[6] However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries

---

[4] J. Crim. Case, ECF No. 27, *United States v. Logan*, 3:05-CR-88-JCS (W.D. Wis. Dec. 19, 2005).

[5] Pet'r's Pet. at 18.

[6] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

that ... if condoned, result in a complete miscarriage of justice.' "[7] To prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[8]

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Logan asks that the Court excuse him from exhausting administrative remedies due to futility. According to Logan, the Director of the Bureau of Prisons, Harley Lappin, "has taken a strong position on the issue [of allowing prisoners more than six months in a residential reentry center] and has thus far been unwilling to reconsider."[9] Logan cites no facts to support this statement, and the cases he cites in support of his claim predate, and are unrelated to, the Second Chance Act.[10]

An initial issue a court must address when screening a § 2241 petition is whether the petitioner has exhausted his administrative remedies.[11] A petitioner seeking habeas relief must first exhaust all administrative remedies that might provide appropriate relief.[12] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly

---

[7] *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

[8] 28 U.S.C. § 2241(c) (2012).

[9] Pet'r's Pet. at 11.

[10] *Id.*; *see, e.g., McKart v. United States*, 395 U.S. 185 (1969) (discussing the exhaustion requirement in context of appeal of Selective Service classification); *Aron v. LaManna*, 4 F. App'x 232 (6th Cir. Feb.6, 2001) (requiring exhaustion of administrative remedies before a prisoner could bring a petition under 28 U.S.C. § 2241 to recover good-time credits); *Gutierrez v. United States*, No. 03–CV–1232(FB), 2003 WL 21521759 (E.D.N.Y. July 3, 2003) (requiring a prisoner to exhaust administrative remedies).

[11] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).

[12] *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[13] Exceptions may be made only in "extraordinary circumstances," which the petitioner bears the burden to establish.[14]

The Bureau of Prisons uses a three-tiered Administrative Remedy Program to review inmate complaints relating to all aspects of their imprisonment.[15] A federal prisoner must pursue the procedures set forth in the program prior to seeking relief in a district court.[16]

Logan indicates that his projected release date is February 7, 2019.[17] Ample time remains for him to engage in the administrative remedy process. Although Logan obviously believes the Bureau of Prisons will deny his request for what amounts to early placement in a Residential Drug Abuse Treatment Program, early placement in a residential reentry center, and early release from prison, he offers no factual basis in his petition to support that belief. While exhaustion of remedies may take time, "there is no reason to assume that ... prison administrators ... will not act expeditiously."[18]

Logan gives no indication in the petition that he has even attempted to begin the administrative remedy process, and he has presented nothing, other than speculation, to support his contention that he should be excused from exhausting those remedies. If the Bureau of Prisons has failed in some way to timely and correctly evaluate Logan for placement in the Residential Drug Abuse Treatment Program and

---

[13] *Fuller*, 11 F.3d at 62 (internal citations omitted).

[14] *Id.*

[15] 28 C.F.R. §§ 542.10 *et seq.*

[16] *Rourke*, 11 F.3d at 49.

[17] Pet'r's Pet. at 1.

[18] *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

timely and correctly evaluate Logan for placement in the Residential Drug Abuse Treatment Program and a residential reentry center, it should be afforded the opportunity to rectify the error.[19] Logan provides nothing to show the type of extraordinary circumstances needed to justify failure to exhaust administrative remedies, and dismissal is warranted on that basis alone.[20]

Furthermore, even if Logan had exhausted his administrative remedies, he would not be entitled to relief.

### B. The Petition Fails on the Merits

The Second Chance Act amended 18 U.S.C. § 3624(c) to allow the Bureau of Prisons to reduce "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program ..., but such reduction may not be more than one year from the term the prisoner must otherwise serve."[21] "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."[22]

Logan's petition devotes several pages to a general discussion of the Second Chance Act of 2007. It includes broad allegations that the Bureau of Prisons does not properly implement the Second Chance Act. Noticeably absent from Logan's petition are any facts to show how, or if, the implementation affects

---

[19] *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (explaining an agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

[20] *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies).

[21] 18 U.S.C. § 3621 (2012).

[22] *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

placement in a residential reentry center. It also does not allege Logan received an assessment with which he is dissatisfied. Logan has not met his burden of showing he is "in custody in violation of the Constitution or laws or treaties of the United States."[23] Accordingly, the Court finds nothing alleged in the petition would entitle Logan to relief.

The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner James Logan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 9th day of November, 2017.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. § 2241(c) (2012).